IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09–CR–46–BO
NO. 4:14–CV–234–BO

| | |
|---|---|
| CORNELIUS DEANGELO JONES, <br> Petitioner, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 39] and the government's motion to dismiss [DE 50]. Petitioner's response time has elapsed, and the matter is ripe for ruling. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 is dismissed.

## BACKGROUND

On May 27, 2009, a federal grand jury in the Eastern District of North Carolina indicted petitioner, Cornelius Deangelo Jones, and charged him with one count of possession with the intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count one) and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (count two). [DE 1]. The government filed a notice of intent to seek an enhanced penalty pursuant to 21 U.S.C. § 851. [DE 11]. On August 8, 2009, Mr. Jones pled guilty pursuant to a written plea agreement to count one, which included the enhanced penalty pursuant to § 851. [DE 18]. The plea agreement also provided that Mr. Jones waived his right to appeal, reserving only the right to appeal from a sentence in excess of the guideline range established at sentencing, or in the case of prosecutorial misconduct or ineffective assistance of counsel. [*Id.*]. He was sentenced by this Court to a total term of 120 months' imprisonment on October 21, 2009. [DE 21–22]. Mr.

Jones did not appeal, and his judgment became final on October 21, 2009. *See, e.g., United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).[1]

On December 22, 2014, Mr. Jones filed his § 2255 motion. [DE 32]. After the Clerk of Court directed him to refile with the proper signature, Mr. Jones filed a second § 2255 on January 30, 2015, in which he raises three grounds for relief. [DE 39]. First, he argues that his counsel was constitutionally ineffective for advising him to sign a plea agreement. Second, he argues that counsel was constitutionally ineffective for failing to object to the sentence enhancement under 21 U.S.C. § 851. Third, Mr. Jones argues that his counsel was constitutionally ineffective for advising him that he could not and did not have a right to appeal and for failing to appeal. In response, the government moved to dismiss Mr. Jones's motion as untimely, citing the statute of limitations in § 2255(f).

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). When considering a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See, e.g.,* Fed. R. Evid. 201; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

---

[1] The Court recognizes that *Clay v. United States*, 537 U.S. 522 (2003) implies that a conviction becomes final upon expiration of the time for filing an appeal. Here, that date would be November 4, 2010. However, the Fourth Circuit has not explicitly overruled *Sanders*, which holds that if a defendant does not appeal, a conviction becomes final the date judgment is entered by the district court. Accordingly, this Court follows *Sanders*, although it is irrelevant in this case, because Mr. Jones's motion to vacate is untimely under either *Clay* or *Sanders*.

2

551 U.S. 308, 322 (2007). In reviewing a § 2255, the Court is not limited to the motion itself, but may consider "the files and records of the case." 28 U.S.C. § 2255(b).

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Giving petitioner the benefit of the doubt, his § 2255 was filed on December 22, 2014, more than four years after his judgment became final. Though Mr. Jones has given no explanation for his untimely filing, the Court will nevertheless consider whether any of the limitations periods in § 2255(f) might apply. As Mr. Jones filed his motion more than four years after his judgment became final, his motion is untimely under § 2255(f)(1). *See, e.g., United States v. Mathur*, 685 F.3d 396, 397 (4th Cir. 2012); *United States v. Thomas*, 627 F.3d 534, 535 (4th Cir. 2010). The motion also does not appear not timely under §§ 2255(f)(2) or (f)(3). The motion alleges only ineffective assistance of counsel as a basis for vacatur, rather than prosecutorial misconduct or government action, and Mr. Jones mentions no Supreme Court case or any newly recognized right made retroactively applicable on collateral review.

Likewise, Mr. Jones does not argue that he filed his § 2255 within one year of the discovery of any new facts that support the claims presented. § 2255(f)(4). Two of Mr. Jones's claims relate to counsel's conduct at or before sentencing. Given that Mr. Jones had to be aware of the events giving rise to these claims at the time of sentencing, Mr. Jones has failed to

3

plausibly allege any facts to support the conclusion that he could not have discovered these by the exercise of "due diligence" until December 22, 2013.

As for Mr. Jones's ineffective assistance of counsel claim concerning his counsel's failure to file a notice of appeal, Mr. Jones must plausibly allege that he could not have discovered the failure to file through the exercise of due diligence before December 22, 2013. *See* § 2255(f)(4).[2] Mr. Jones has not addressed when he discovered that his counsel failed to file a notice of appeal. No mention was made of the failure to file until December 22, 2014, when Mr. Jones filed his first § 2255. However, the "new fact"—that counsel failed to appeal—was readily and publicly discoverable as early as November 5, 2010, when the time for filing an appeal expired. Though due diligence "is an inexact measure of how much delay is too much," Mr. Jones's more than four-year delay with no explanation whatsoever is too long for this Court to consider his ineffective assistance claim for failure to appeal timely under § 2255(f)(4). *Johnson*, 544 U.S. 295, 309 n.7 (2005).

Nor is equitable tolling available to render Mr. Jones's petition timely. In order to be eligible for such tolling, the movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Given that Mr. Jones did not explain his failure to timely file, he has not satisfied the high threshold for equitable tolling. As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Jones's petition.

---

[2] The Court references December 22, 2013, because that is one year before Mr. Jones filed his § 2255 motion on December 22, 2014.

4

<u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 50] is GRANTED and petitioner's motion to vacate [DE 39] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this __8__ day of June, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE